**FILED**

September 09, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ J.E. _____

DEPUTY

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: WESTERN | |
|---|---|---|
| Name (under which you were convicted): <br><br> REGINALD BERNARD SILVER | | Docket or Case No.: <br> **7:22-CV-00194-DC** |
| Place of Confinement : Wallace Unit-TDCJ CID <br> 1675 S FM 3525 <br> Colorado City, Texas  79512 | | Prisoner No.: <br><br> 2271625 |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| REGINALD BERNARD SILVER | v. <br><br> BOBBY LUMPKIN, Director, TDCJ-CID | |
| The Attorney General of the State of: Texas | | |

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

   358th Judicial District Court of Ector County, Texas

   (b) Criminal docket or case number (if you know):  D - 17 - 1837 - CR

2.   (a) Date of the judgment of conviction (if you know):  April 5, 2019

   (b) Date of sentencing: April 5, 2019

3.   Length of sentence:  25 Years confinement in TDCJ-CID

4.   In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Lessor included offense of intoxicated manslaughter with vehicle

6.   (a) What was your plea? (Check one)

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| ☐ | (1) | Not guilty | ☐ | (3) | Nolo contendere (no contest) |
| ☒ | (2) | Guilty | ☐ | (4) | Insanity plea |

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I entered a plea of guilty to the lessor included offense of intoxicated manslaughter with vehicle.

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☒ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☒ No

8.    Did you appeal from the judgment of conviction?

☐ Yes     ☒ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ☒ Yes     ☐ No

If yes, answer the following:     Texas Court of Criminal Appeals

(1) Name of court:

(2) Docket or case number (if you know):     WR 90,674-01

(3) Result:     Denied without written order

AO 241 (Rev. 09/17)

(4) Date of result (if you know): December 18, 2019

(5) Citation to the case (if you know): SHCR at Cover 35

(6) Grounds raised:   Ineffective assistance due to counsel's failure to provide coaching allocution provided erroneous advice to enter in a plea agreement to 25 years and a failure to investigate the enhancement paragraph.

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: TEXAS COURT OF CRIMINAL APPEALS

(2) Docket or case number (if you know):   WR-90,674-02

(3) Date of filing (if you know):        9/21/2021

(4) Nature of the proceeding:    11.07 Writ of habeas Corpus

(5) Grounds raised: Ineffective assistance of counsel when determining how to plead; Due Process violation; Ineffective assistance of counsel claims as applied to Applicant is unconstitutional; actual innocence claim.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result: Dismissed under Tex Code of Crim Pro art 11.07 sec 4 (a)-(c)

AO 241 (Rev. 09/17)

(8) Date of result (if you know): 11/17/2021

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: U.S.D.C. for Western District Midland/Odessa

(2) Docket or case number (if you know): 7:20-CV-00243-DC

(3) Date of filing (if you know): 10/05/2020

(4) Nature of the proceeding: 2254

(5) Grounds raised: Petitioner received ineffective assistance of counsel when deter mining how to plead rendering said pla and waivers invalid; (2) Petitioner initial writ of habeaas corpus was adjudicated in violation of Due Process Clause of the XIV Amendment to the United States COnstitution.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes    ☒ No

(7) Result: Time Barred Dismissed

(8) Date of result (if you know): September 2, 2021

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: USDC for Western Dist; Motion for Reconsideration

(2) Docket or case number (if you know): # 38

(3) Date of filing (if you know): September 28, 2021

(4) Nature of the proceeding: Motion under F.R.C.P. 59(c).

(5) Grounds raised:

PREVIOUS ADDITIONAL FILINGS

Court:  United States Court of Appeal Fifth Circuit
Docket Number: 31-50984
Filing date:  October 21, 2021
Nature of Proceeding: C.O.A.
No hearing
Result: Denied
Date of Result:  February 11, 2022


Court: Texas Court of Criminal Appeals
Docket Number: WR-90,674-03
Filing Date: May 04, 2022
Nature of Proceeding:  11.07 Writ of habeas corpus
Grounds Raised:  Actual innocence due to a conflict of interest which was
deprived Applicant of a right to effective assistance of counsel whiich led to
a void judgment erroneous advice to enter into the plea, in the absense of
appraising Applicant of the nature of the charges against him as the law and
facts of the case surrounding the misjoinder violation or the defective
enhancement paragraph surrounding the elevation of the misdeamenor DWI Offense
to that of a third degree or more offender or the enhancement pagagraph used
to enhance said offense under the habitual offender statute and the required
sequence.

No hearing was provided

Results:  DIsmissal under sec 4 TCCP art 11.07

Date of Results:  6/29/2022


Court:  Texas Court of Criminal Appeals
Docket Nubmer: WR 90,674-03
Filing Date:  July 5, 2022
Nature of Proceeding: Motion for Rehearing
Grounds raised:  Applicant has met the requiste of art 11.07 sec 4(a)-(c).
No hearing was provided
Result:  Dismissal under TRAP RUle 79.2(d)
Date of Result: 7/13/22

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes    ☒ No

(7) Result: Denied

(8) Date of result (if you know): September 29, 2021

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ❑ No

(2) Second petition:   ☒ Yes    ❑ No

(3) Third petition:    ☒ Yes    ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** The T.C.C.A.'s dismissal of Petitioner's actual innocence calim under TCCP art 11.07 sec 4 (a)-(c) based upon newly discovered evidence supporting a conflict of interest and denial of a right to eff ass of counsel was contrary to 28 U.S.C. 2254 (d)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioenr contends that the TCCA's 6/29/2022 dismissal of Petitioner's state habeas corpus under TCCP art 11.07 sec 4(a)-(c) WR-90,674-03 was contrary to 28 USC 2254(d)(1) After Petitioenr made the prerequisite of actual innocence based on newly discovered evidence supporting a conflict of interest and a denial of a right to eff ass of counsel see SHCR at 148-155, 181-186 which should have entitled Petitioner to the gateway to have his otherwise procedurally barred claims adjudicated on the merits Petitioner further contends that the SHCR at 181-186 relied also met the requisites which require that a Petitioner prove that in the absence of the constitutional violation in light of SHCR 148-55, 181-186 that no jury of reason would have found beyond a reasonble doubt that Petitioner charged with said indictment at SHCR 143-44 caused both the accident and death of Abraham Chavez.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  Applicant had no right to appeal
also the newly discovered evidence supports Petitioner's conflict of
interest and actual innocence claims was unavailable.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  art 11.07

Name and location of the court where the motion or petition was filed:

Texas Court of Criminal Appeals

Docket or case number (if you know):  WR 90,674-03

Date of the court's decision:  6/29/2022

Result (attach a copy of the court's opinion or order, if available):  Dismissed under
TCCP art 11.07 Sec 4(a)-(c)

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Texas Court of Criminal Appeals

Docket or case number (if you know):  WR 90,674-03

Date of the court's decision:  7/13/2022

Result (attach a copy of the court's opinion or order, if available):  Dismissed under TRAP Rule 79.2(d)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** The T.C.C.A.'s dismissal of Petitioner's actual innocence claim under TCCP art 11.07 sec 4 (a)-(c) based on newly discovered evidence supporting a conflict of interest and a denial of a right to eff ass of counsel was unreasonable under 28 U.S.C. 2254(d)(2).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner contends that based on the previous unavailable factual basis depicted in SHCR at 148-155 181-186 under WR 90,674-03 that the TCCA 6/29.2022 dismissal of Petitioner's 11.07 writ of habeas corpus was unreasonable under 28 U.S.C. 2254 (d)(2) Petitioner contends that the newly discovered evidence relied on a submitted with SHCR at 148-155, 181-186 met the prerequisite of actual innocence and a denial of a right to eff ass of counsel which led to a failure by counsel to throughly investigate the law and facts of the case and inform Petitioner prior o the erronious advice to enter a plea of guilty to the lessor included offense of intoxicated manslaughter with vehicle as depicted in SHCR at145-46, 156-180 that the actual cause of the accident and death of decedant due to deceased's failure to yield the right of way and his cause of death stemed from cardiac arrest as depicted in SHCR 181-186 which in the event of a trial, such fact would have prohibted the state for its proof and burden that Petitioner caused both the accident and death of Abraham Chavez alleged in SHCR at 143-144.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:    The factual basis was unavailable.

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☒ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:    art 11.07

   Name and location of the court where the motion or petition was filed:    Texas COurt of Criminal Appeals

   Docket or case number (if you know):    WR 90,674-03

AO 241 (Rev. 09/17)

Date of the court's decision:    6/29/2022

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?              ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The factual basis for such claims was previously unavailable.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :    Rehearing

**GROUND THREE:** The T.C.C.A's dismissal of Petitioner's ground two under SHCR at 110-193 Writ No 90,674-03 and TCCP art 11.07 sec 4 (a)-(c) was contrary to 28 U.S.C. 2254 (d)(2)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner contends that the TCCA''s 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec 4(a)-(c) recited in attached appendix **/** under SHCR writ no 90,674-03 was contrary to 28 U.S.C. 2254(d)(1) Petitioner met the prerequisites also known as the gateway based on newly discovered evidence in support of Petitioner's conflict of interest and denial of a right to eff ass of counsel to entitle Petitioner to have his otherwise procedurally defaulted claims adjudicated on the merits in relation to Petitioner's actual innocent claim, see SHCR under writ no 90,674-03 at 148-155 in support of newly discovered evidence and a conflict of interest and SHCR at 181-186 in support of Petitioner's ineffective assistance claims due to failure to investigate and inform Petitioner that the cause of death was due to deceased's failure to yield  the right of way and cardiac arrest. Due to this the state could not meet its burden of  proof as recited at SHCR 143-44.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:    11.07

    Name and location of the court where the motion or petition was filed:    Texas Court of Criminal Appeals

    Docket or case number (if you know):    WR 90,674-03

    Date of the court's decision:    6/27/2022

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Factual basis was unavailable

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** T.C.C.A.'s 6/29/2022 dismissal of Petitioner's ground two under SHCR at 110-193 writ # 90,674-03 and TCCP art 11.07 sec 4(a)-(c) was unreasonable under 28 U.S.C. 2254(d)(2)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner contends that the 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec 4 (a)-(c) recited in attached Appendix ļ was contrary to 28 U.S.C. 2254(d)(2 based on previously unavailable newly discovered evidence recited at SHCR at 148-155 under writ No 90,674-03 which Petitioner relied on to support a conflict of interest, a denial of the right to the eff ass of counsel and to meet the prerequisites of actual innocence also known as the gateway to have his otherwise procedurally barred/defaulted claims adjudicated on the merits. Petitioenr further contends that in light of the newly discovered evidence under writ no 90,674-03 at SHCR 181-186 that had it not been for the conflict of interest, a denial of a right to eff ass of counsel and the erroneous advice from trial counsel, in the event of a trial, no jury would have found as recited at SHCR 153-44 that Petitioners caused both the accident and death of Abraham Chavez due to SHCR at 181-186 reciting that such accident was due to the deceased's failure to yield the right of way to traffic and that the actual cause of death was cardiac arrest.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☒ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      11.07 Rehearing

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

_____

_____

GROUND FOUR: The T.C.C.A.'s dismissal of Petitioner's Ground _3_ under SHCR at 110-193 in
Writ No 90,674-03 and TCCP art 11.07 sec 4(a)-(c) was contrary to 28 USC § 2254(d)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner contends theT.C.C.A.'s 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec
4(a)-(c) depicted in attached EX _1_ under SHCR Writ No. 90,674-03 was contrary to 28 U.S.C. 2254(d)(1)
Said petition met the prerequisite also known as the gateway based on newly discoverd evidence in
support of Petitioner's conflict of interest and denial of a right to effective assistance of counsel
defaulted claims adjudicated on the merits, in relation to Petitioner's actual innocence claims
See SCHR at under writ # 90,674-03 at 148-155 in support of newly discovered evidence & conflict of
interest due to trial counsel being a drug-addicted & later being convicted of felony's & SHCR at
181-186 to support Petitioner's ineffective assistance of counsel claims due to a failure to investigate
& inform Petitioner that the actual cause of the accident was due to the decedent's failure to yield
the right of way & caused the accident was due to the deceased's cardiac arrest & not by Petitioner
or due to injuries causing death from the accident.

(b) If you did not exhaust your state remedies on Ground Four, explain why:       _____

_____

_____

_____

(c)    Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?       ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:       _____

_____

_____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Rehearing_____

AO 241 (Rev. 09/17)

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

    have used to exhaust your state remedies on Ground Three:

_____

GROUND FOUR: The T.C.C.A.'s dismissal of Petitioner's Ground 3 under SHCR at 110-193 writ # 90,674-03 and TCCP art 11.07 sec 4(a)-(c) was unreasonable under 28 U.S.C. 2254 (d)(2).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner contends the 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec 4 (a)-(c) depicted in attached Appendix 1 was unconsciousable ubder 28 U.S.C Sec 2254 (d)(2) based on previous unavailable newly discovered evidence recited in SHCR 148-55 under writ # 90,674-03 which Petitioner relied on to support a conflict-of-interest, a denial-of-a-right-to-effective-assistance-of-counsel and also to meet the prerequistes of actual innocence also known as the gateway to have his other wise-procedurally-barred claims adjudicated on the merits of Petitioner's. Further, Petitioner contends that in light of the newly discovered evidence under SHCR writ # 90,674-03 at 181-186 which recites professional misconduct, drug addiction añd a felony conviction on Petitioner's trial counsel that had it not been for the conflict-of-interest a denial of a right to effective assistance of counsel & the erronious advice from trial counsel in the event of a trial, no juror would have found thet Petitioner caused both the accident and death of Abraham Chavez who was the one who failed to yield the right of way and died from cardiac arrest . See SHCR at 181-86 under writ # 90,674-03

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    Direct Appeal of Ground Four:

      (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

      (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    Post-Conviction Proceedings:

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Rehearing

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

GROUND FOUR:  The T.C.C.A.'s dismissal of Petitioner's Ground  4  under SHCR at 110-193 at
Writ No 90,674-03 and TCCP art 11.07 sec 4(a)-(c) was contrary to 28 USC § 2254(d)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner contends the T.C.C.A.'s 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec
4(a)-(c) depicted in attached EX 1 under SHCR Writ No. 90,674-03 was contrary to 28 U.S.C. 2254(d)(1)
Said petition met the prerequisites also known as the gateway based on newly discoverd evidence in
support of Petitioner's conflict of interest and denial of a right to effective assistance of counsel
defaulted claims adjudicated on the merits, in relation to Petitioner's actual innocence claims
See SCHR at under writ # 90,674-03 at 148-155 in support of newly discovered evidence & conflict of
interest due to trial counsel being a drug-addicted & later being convicted of felony's & SHCR at
181-186 to support Petitioner's ineffective assistance of counsel claims due to a failure to investigate
& inform Petitioner that the actual cause of the accident was due to the decedent's failure to yield
the right of way & caused the accident was due to the deceased's cardiac arrest & not by Petitioner
or due to injuries causing death from the accident.

(b) If you did not exhaust your state remedies on Ground Four, explain why:  _____

_____

_____

_____

(c)    Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  _____

_____

_____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Motion for Rehearing  _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

_____

_____

GROUND FOUR: The T.C.C.A.'s dismissal of Petitioner's Ground 2/ under SHCR at 110-193 writ #
90,674-03 and TCCP art 11.07 sec 4(a)-(c) was unreasonable under 28 U.S.C. 2254 (d)(2).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner contends the 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec 4 (a)-(c)
depicted in attached Appendix ) was unconsciousable uber 28 U.S.C Sec 2254(d)(2) based on previous
unavailable newly discovered evidence recited in SHCR 148-55 under writ # 90,674-03 which Petitioner
relied on to support a conflict of interest, a denial of a right to effective assistance of counsel
and also to meet the prerequistes of actual innocence also known as the gateway to have his other
wise procedurally barred claims adjudicated on the merits of Petitioner's. Further, Petitioner contends
that in light of the newly discovered evidence under SHCR writ # 90,674-03 at 181-186 which recites
professional misconduct, drug addiction and a felony conviction on Petitioner's trial counsel that had
it not been for the conflict of interest a denial of a right to effective assistance of counsel & the
erronious advice from trial counsel in the event of a trial, no juror would have found that Petitioner
caused both the accident and death of Abraham Chavez who was the one who failed to yield the right of
way and died from cardiac arrest . See SHCR at 181-86 under writ # 90,674-03

(b) If you did not exhaust your state remedies on Ground Four, explain why:    _____

_____

_____

_____

(c)    Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    _____

_____

_____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Rehearing

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

GROUND FOUR: The T.C.C.A.'s dismissal of Petitioner's Ground $5$ under SHCR at 110-193 in

Writ No 90,874-03 and TCCP art 11.07 sec 4(a)-(c) was contrary to 28 USC § 2254(d)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner contends theT.C.C.A.'s 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec
4(a)-(c) depited in attached EX__ under SHCR Writ No. 90,674-03 was contrary to 28 U.S.C. 2254(d)(1)
Said petition met the prerequites also known as the gateway based on newly discoverd evidence in
support of Petitioner's conflict of interest and denial of a right to effective assistance of counsel
defaulted claims adjudicated on the merits, in relation to Petitioner's actual innocence claims
See SCHR at under writ # 90,674-03 at 148-155 in support of newly discovered evidence & conflict of
interest due to trial counsel being a drug addicted & later being convicted of felony's & SHCR at
181-186 to support Petitioner's ineffective assistance of counsel claims due to a failure to investigate
& inform Petitioner that the actual cause of the accident was due to the decedent's failure to yield
the right of way & caused the accident was due to the deceased's cardiac arrest & not by Petitioner
or due to injuries causing death from the accident.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c)    Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Rehearing _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

GROUND FOUR: The T.C.C.A.'s dismissal of Petitioner's Ground 5 under SHCR at 110-193 writ #
90,674-03 and TCCP art 11.07 sec 4(a)-(c) was unreasonable under 28 U.S.C. 2254 (d)(2).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner contends the 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec 4 (a)-(c)
depicted in attached Appendix J was unconsciousable ubder 28 U.S.C Sec 2254(d)(2) based on previous
unavailable newly discovered evidence recited in SHCR 148-55 under writ # 90,674-03 which Petitioner
relied on to support a conflict of interest, a denial of a right to effective assistance of counsel
and also to meet the prerequistes of actual innocence also known as the gateway to have his other
wise procedurally barred claims adjudicated on the merits of Petitioner's. Further, Petitioner contends
that in light of the newly discovered evidence under SHCR writ # 90,674-03 at 181-186 which recites
professional misconduct, drug addiction aad a felony conviction on Petitioner's trial counsel that had
it not been for the conflict of interest a denial of a right to effective assistance of counsel & the
erronious advice from trial counsel in the event of a trial, no juror would have found that Petitioner
caused both the accident and death of Abraham Chavez who was the one who failed to yield the right of
way and died from cardiac arrest . See SHCR at 181-86 under writ # 90,574-03

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Rehearing

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

_____

_____

GROUND FOUR: The T.C.C.A.'s dismissal of Petitioner's Ground _6_ under SHCR at 110-193 in Writ No 90,874-03 and TCCP art 11.07 sec 4(a)-(c) was contrary to 28 USC § 2254(d)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner contends the T.C.C.A.'s 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec 4(a)-(c) depicted in attached EX___ under SHCR Writ No. 90,674-03 was contrary to 28 U.S.C. 2254(d)(1). Said petition met the prerequisites also known as the gateway based on newly discoverd evidence in support of Petitioner's conflict of interest and denial of a right to effective assistance of counsel defaulted claims adjudicated on the merits, in relation to Petitioner's actual innocence claims. See SCHR at under writ # 90,674-03 at 148-155 in support of newly discovered evidence & conflict of interest due to trial counsel being a drug-addicted & later being convicted of felony's & SHCR at 181-186 to support Petitioner's ineffective assistance of counsel claims due to a failure to investigate & inform Petitioner that the actual cause of the accident was due to the decedent's failure to yield the right of way & caused the accident was due to the deceased's cardiac arrest & not by Petitioner or due to injuries causing death from the accident.

(b) If you did not exhaust your state remedies on Ground Four, explain why:    _____

_____

_____

_____

(c)    Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    _____

_____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Rehearing

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

GROUND FOUR: The T.C.C.A.'s dismissal of Petitioner's Ground 6 under SHCR at 110-193 writ # 90,674-03 and TCCP art 11.07 sec 4(a)-(c) was unreasonable under 28 U.S.C. 2254 (d)(2).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitionercontends the 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec 4(a)-(c) depicted in attached Appendix | was unconsciouable ubder 28 U.S.C Sec 2254(d)(2) based on previous unavailable newly discovered evidence recited in SHCR 148-55 under writ # 90,674-03 which Petitioner relied on to support a conflict-of-interest, a denial-of-a-right-to-effective-assistance-of-counsel and also to meet the prerequistes of actual innocence also known as the gateway to have his other wise-procedurally-barred-claims adjudicated on the merits of Petitioner's. Further, Petitioner contends that in light of the newly discovered evidence under SHCR writ # 90,674-03 at 181-186 which recites professional misconduct, drug addiction ad a felony conviction on Petitioner's trial counsel that had it not been for the conflict-of-interest-a-denial-of-a-right-to-effective-assistance-of-counsel & the erronious advice from trial counsel in the event of a trial, no juror would have found that Petitioner caused both the accident and death of Abraham Chavez who was the one who feiled to yield the right of way and died from cardiac arrest . See SHCR at 181-86 under writ # 90,674-03 .

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)   Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Rehearing

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

_____

_____

GROUND FOUR:  The T.C.C.A.'s dismissal of Petitioner's Ground 7 under SHCR at 110-193 in
Writ No 90,874-03 and TCCP art 11.07 sec 4(a)-(c) was contrary to 28 USC § 2254(d)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner contends the T.C.C.A.'s 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec
4(a)-(c) depicted in attached EX | under SHCR Writ No. 90,674-03 was contrary to 28 U.S.G. 2254(d)(1)
Said petition met the prerequisites also known as the gateway based on newly discoverd evidence in
support of Petitioner's conflict of interest and denial of a right to effective assistance of counsel
defaulted claims adjudicated on the merits, in relation to Petitioner's actual innocence claims.
See SCHR at under writ # 90,674-03 at 148-155 in support of newly discovered evidence & conflict of
interest due to trial counsel being a drug-addicted & later being convicted of felony's & SHCR at
161-186 to support Petitioner's ineffective assistance of counsel claims due to a failure to investigate
& inform Petitioner that the actual cause of the accident was due to the decedent's failure to yield
the right of way & caused the accident was due to the deceased's cardiac arrest & not by Petitioner
or due to injuries causing death from the accident.

(b) If you did not exhaust your state remedies on Ground Four, explain why:  _____

_____

_____

_____

(c)    Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  _____

_____

_____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Motion for Rehearing_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

_____

_____

GROUND FOUR: The T.C.C.A.'s dismissal of Petitioner's Ground 7 under SHCR at 110-193 writ # 90,674-03 and TCCP art 11.07 sec 4(a)-(c) was unreasonable under 28 U.S.C. 2254 (d)(2).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner contends the 6/29/2022 dismissal of Petitioner's 11.07 under TCCP art 11.07 sec 4(a)-(c) depicted in attached Appendix ) was unconsciousable under 28 U.S.C Sec 2254(d)(2) based on previous unavailable newly discovered evidence recited in SHCR 148-55 under writ #.90,674-03 which Petitioner relied on to support a conflict of interest, a denial of a right to effective assistance of counsel and also to meet the prerequisites of actual innocence also known as the gateway to have his other wise procedurally barred claims adjudicated on the merits of Petitioner's. Further, Petitioner contends that in light of the newly discovered evidence under SHCR writ # 90,674-03 at 181-186 which recites professional misconduct, drug addiction and a felony conviction on Petitioner's trial counsel that had it not been for the conflict of interest a denial of a right to effective assistance of counsel & the erronious advice from trial counsel in the event of a trial, no juror would have found that Petitioner caused both the accident and death of Abraham Chavez who was the one who failed to yield the right of way and died from cardiac arrest . See SHCR at 181-86 under writ # 90,674-03

(b) If you did not exhaust your state remedies on Ground Four, explain why:    _____

_____

_____

_____

(c)    Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    _____

_____

_____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Rehearing

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Texas Court of Crimianl Appeals

Docket or case number (if you know):    WR no 90,674-03

Date of the court's decision:    6/13/2022

Result (attach a copy of the court's opinion or order, if available):

Dismissed under Tex R App Rule Rule 79.2(d)

(3) Did you receive a hearing on your motion or petition?              ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

     (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes    ☐  No

          If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

     (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☒  Yes    ☐  No

     If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.  Sec 2254 for Western District ; 7:20-CV-002434DC dismissed on 9/2/2021 as time barred

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐  Yes    ☒  No

     If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ❏ Yes   ☒ ˣ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ❏ Yes   ❏ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner claims evolve around actual innocence based on newly discovered evidence supporting a conflict of interest, a denial of eff asst of counsel, who's erronious advice rendered Petitioner's plea unknowing and involuntary.

AO 241 (Rev. 09/17)

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

      (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

            (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

            (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

            (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

            (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Acquittal or motion for new trial and a remand for adjudication of Petitioner's actual innocence claim.*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on  *9-2-2022*  (month, date, year).

Executed (signed) on  *9-2-22*  (date).

_____

*Reginald Bernard Silver*

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

*Exhibit #1*

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

PRESORTED
FIRST CLASS

US POSTAGE  PITNEY BOWES

ZIP 78701  $ 000.31⁶
02 4W
0000376979 JUN 30 2022

6/29/2022
**SILVER, REGINALD BERNARD   Tr. Ct. No. D-17-1837-CR-W3   WR-90,674-03**
The Court has dismissed without written order this subsequent application for a writ
of habeas corpus. TEX. CODE CRIM. PROC. Art. 11.07, Sec. 4(a)-(c).

Deana Williamson, Clerk

REGINALD BERNARD SILVER
WALLACE UNIT - TDC # 2271625
1675 SOUTH FM 3525
COLORADO CITY, TX  79512

EMEWNAB  79512

*appendix # 2*

# Odessa attorney sentenced to 2 years in federal prison

## He is charged with being a drug user in possession of a firearm.

Author: Mason Storrs
Published: 5:35 PM CDT July 14, 2021
Updated: 6:16 PM CDT July 14, 2021

MIDLAND, Texas —
In a press release Wednesday, the United States Attorney's Office Western District of Texas announced that a federal judge sentenced Adrian Antonio Chavez, a practicing attorney in Odessa, to 24 months in prison for being a drug user in possession of a firearm.

On top of the prison sentence, U.S. District Judge David Counts ordered Chavez to pay a $10,000 fine and be placed on supervised release for three years after his prison term is over.

According to the release, on April 15, 2021, Chavez entered a plea of guilty to one count of being a drug user in possession of a firearm before U.S. Magistrate Judge Ronald C. Griffin.

According to court records, the Odessa Police Department executed a search warrant of Chavez's home after they received information that he received quantities of methamphetamine.

During the search, officers recovered a Springfield Armory Hellcat 9mm, a Taurus Brasil 357 Magnum, a Rossi RS22 .22 caliber rifle, a Remington Wingmaster 870TB 12-guage shotgun and a Remington 770 .30-06 caliber rifle.

Additionally, officers confiscated methamphetamine and drug paraphernalia.

To the Clerk of the United States District Court, of the
Western District of Texas United Courthouse
200 E. Wall Street, Room 222
Midland, Texas

Writing To verify I have sent a copy of my 2254 Writ along
with Motion for Judicial notice, Exhibit (#) and appendix #2, Memorandum of Law
Assistanat Attorney General – Ms. Elizabeth Goettert
P.O. Box 12548 Capitol Station
Austin Texas 78711


Date: Sept 2/2022
Reginald B. Silver



U.S. POSTAGE PAID
FCM LG ENV
COLORADO CITY, TX
SEP 07, 22
AMOUNT
$0.00
R2304M111130

73701

-09

1000

FOREVER / USA
FOREVER / USA
FOREVER / USA
FOREVER / USA

RECEIVED

SEP 0 9 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS

BY: _____ DEPUTY

Clerk, U.S. District Court
Western District of Texas
United States Courthouse
200 E Wall Street, Rm 222
Midland, Texas 79701

Reginald Weber #2774625
1675 L FM 3525
Colorado City, Texas
79512

SCREENED BY OSO
SEP 09